## MAXHEIMER v. MEYER and another.

(*Circuit Court, S. D. New York.* October 5, 1881.)

1. LETTERS PATENT—JOINDER OF INVENTIONS.

    The joinder of separate inventions for the accomplishment of a single result in the same patent does not thereby invalidate it.

2. SAME—BIRD CAGES.

    Letters patent Nos. 162,400 and 218,758, granted April 20, 1875, and August 19, 1879, for improvements in bird cages, the result being a cage in which the cross-bands are hollow wires with holes, through which the upright wires are placed, and which are held in place on the upright wires by short bends in the latter, which are brought within the bands, which are then flattened, are infringed by a cage of similar construction, except that the bends extend in the direction of the axis of the bands, instead of radially.

In Equity.

*Arthur v. Briesen,* for complainant.

*J. Van Santvoord,* for defendants.

WHEELER, D. J.    This suit rests upon two patents granted to the orator for improvements in bird cages,—the first, numbered 162,400, dated April 20, 1875, for a cage in which the horizontal bands are solid wires, with holes, through which the upright wires are placed, and which are held in place on the upright wires by short bends in the latter, forming shoulders above and below the horizontal wires, without solder or other fastening; the second, numbered 218,758, dated August 19, 1879, after an interference between him and Michael Grebner, who prosecuted it at the instance and expense of the defendants, is for a cage in which the horizontal bands are hollow wires, through which the vertical wires pass, with short bends in them within the hollow of the horizontal wire, which is flattened so as to lock them together.    The defendants deny the novelty of the second patent, and infringement of either.    The plaintiff insists that they are concluded as to the novelty of the second patent by the decision in his favor against them in the interference proceedings. The defendants make and sell cages having vertical wires with bends in the hollow of horizontal bands, locked by flattening the latter, like the plaintiff's, except that the bends extend in the direction of the axis of the bands, instead of radially, whereby the band can be flattened more perfectly.

It does not appear from any of the evidence that any cages had ever been constructed before the plaintiff's invention described in his first patent, in which the upright wires and cross-band had been held together by their own conformation, without the aid of solder or some

contrivance to tie or lock them together. That invention and patent, therefore, underlie all constructions of cages where the horizontal bands are held in place solely by shoulders formed on the upright wires. The plaintiff's second patent is for an improvement upon his first, by bringing the bends within a hollow cross-band, and making the connection more firm by flattening the cross-band and bringing the shoulders formed by the holes through it more closely to the shoulders on the vertical wires. The cross-bands are held in place solely by the shoulders on the upright wires in both, the improvement in the latter consisting merely in the better mode of bringing the shoulders to bear.

In the defendant's cage the cross-bands are held in place solely by these means, and the shoulders are brought to bear by the plaintiff's improved method. They therefore infringe both patents, if the second is valid. The only near approach to the plaintiff's invention sought to be patented in this patent, and the only one to which special reference is deemed to be necessary prior thereto, is in some cages made by John L. Fisher, inventor and assignor in letters patent No. 167,325, dated August 31, 1875, for an improvement in bird cages, in 1876, at Buffalo. This patent is for a cage with a hollow cross-band, like the plaintiff's, with short bends on the upright wires, within the hollow of the cross-band, but held in place by a wire key inserted within the bends and through the wire, and locking the upright wires to the cross-band. This is not the plaintiff's invention, which does away with all contrivances for fastening except the shape of the cross-band and upright wires.

The evidence shows clearly that Fisher made some cages before the plaintiff's invention without this wire key. Those so made, without other fitting than the insertion of the upright wires with their bends through the holes in the cross-band, would not have a firm attachment of the cross-band to the wires. It is said in behalf of the plaintiff that none of these had all the cross-bands without the key; but this is not material, for one cross-band and its connection with the wires would show the invention as well as more. The evidence tends to show that in shaping some of these cages the cross-bands out of which the key had been left were flattened, and a firm connection thereby made between them and the upright wires. That, if done, would show the construction of the plaintiff's second patent. But it is doubtful whether that was done. If done, it was not for the purpose of making a better connection between the bands and wires, nor known then to have that effect, but was accidental, and inci-

dental to the process of shaping the cages. Neither does this effect appear to have been observed before the date of the plaintiff's invention, if it existed. This would not show that Fisher, or those who saw his work, invented, or had prior knowledge of, this thing patented by the plaintiff, before he invented it. Rev. St. § 4920; *Andrews* v. *Carman*, 13 Blatchf. 307.

These conclusions make it unnecessary to consider the effect of the decision in the interference proceedings, even as to the invention of Grebner, set up in his application which set on foot these proceedings. The defendants' mode of placing the bends in the upright wires lengthwise in the hollow of the cross-band may be an improvement upon the plaintiff's mode, but, if it is, in employing that improvement they make use of the plaintiff's patented invention without right, although that improvement is patented.

The plaintiff's second patent also contains a claim for a feed cup, in connection with the vertical wires of the cage, and it is insisted for the defendants that this invention is independent of the other, and that the patent for both is therefore void. But these inventions are connected together by being appropriate for use in the same cage for the common purpose of making a bird cage, and under these circumstances the joinder of both in one patent does not render the patent void. *Emerson* v. *Hogg*, 2 Blatchf. 1; *Hogg* v. *Emerson*, 6 How. 437.

Let a decree be entered for an injunction and an account according to the prayer of the bill, with costs.